IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABRENA MILLER, BLAIR MILLER and CASSANDRA GONZALES,<br><br>Plaintiffs,<br><br>vs.<br><br>KIRK REESE, GREG MURPHY, [FIRST NAME UNKNOWN] FASO, [FIRST NAME UNKNOWN] SWEENEY and JOHN DOE POLICE OFFICERS 1 THROUGH 20,<br><br>Defendants. | No. 1:22-cv-00181-SPB<br><br>Judge Baxter<br><br><br><br><br><br><br><br><br><br><br>*Electronically Filed.* |

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

And now, come the Defendants, Reese, Murphy, Faso and Sweeney ("the Answering Defendants") by and through undersigned counsel, who file the within ANSWER AND AFFIRMATIVE DEFENSES to the Complaint [ECF 1] heretofore filed by Plaintiffs, and set forth as follows:

**INTRODUCTION**

1. Paragraph 1 is labeled as an Introduction and contains conclusions of law relating to Plaintiff's claims. To the extent any facts are alleged in this paragraph, they are denied and strict proof is demanded at trial.

**PARTIES**

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted to the extent that it alleges that Reese is employed by the Pennsylvania State Police ("PSP") at Troop E Station, with a principal address at 4320 Iroquois Avenue, Erie, Pennsylvania 16511-2135 ("Troop E Station"). The remaining allegations state

1

conclusions of law, to which no response is required or, if deemed factual, are denied and strict proof is demanded at trial.

4. Paragraph 4 is admitted to the extent that it alleges that Murphy is an adult individual employed by the PSP at Troop E Station. The remaining allegations state conclusions of law, to which no response is required or, if deemed factual, are denied and strict proof is demanded at trial.

5. Paragraph 5 is admitted to the extent that it alleges that Faso is an adult individual employed by the PSP at Troop E Station. The remaining allegations state conclusions of law, to which no response is required or, if deemed factual, are denied and strict proof is demanded at trial.

6. Paragraph 6 is admitted to the extent that it alleges that Sweeney is an adult individual employed by the PSP at Troop E Station. The remaining allegations state conclusions of law, to which no response is required or, if deemed factual, are denied and strict proof is demanded at trial.

7. Paragraph 7 is not directed to the Answering Defendants, as such, no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied and strict proof is demanded at trial.

**JURISDICTION AND VENUE**

8. Paragraph 8 is a conclusion of law relating to this Court's jurisdiction over Plaintiff's claim, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

9. Paragraph 9 is a conclusion of law relating to venue in this Court, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

**FACTS**

10. Paragraph 10 is admitted.

11. Paragraph 11 is denied as stated. Answering Defendants admit that Defendant Faso was in contact with Ms. Gonzales via text message throughout the day on June 17, 2020, and that Defendant Faso was aware that Ms. Gonzales had a relationship with Potthoff. The remainder of the allegations in Paragraph 11 are denied and strict proof is demanded at trial.

12. Paragraph 12 is denied as stated. Answering Defendants admit that Ms. Gonzales served as a confidential informant for the Pennsylvania State Police ("PSP"). The remainder of the allegations in Paragraph 12 are denied and strict proof is demanded at trial.

13. Answering Defendants are without information sufficient to form a belief as to what facts Ms. Gonzales was aware of, and therefore Answering Defendants deny the allegation that she was aware Potthoff was in flight from several dangerous crimes. Answering Defendants deny the remainder of the allegations in Paragraph 13 and demand strict proof at trial.

14. Paragraph 14 is denied as stated; however, it is admitted that Ms. Gonzalez had related that she was five months pregnant.

15. Paragraph 15 is denied as stated. Answering Defendants admit that Potthoff arrived at the Miller residence sometime after 5:00 p.m. on June 17, 2020. Answering Defendants admit that Ms. Gonzales thereafter contacted Defendant Faso via text message. The remainder of the allegations in Paragraph 15 are denied and strict proof is demanded at trial.

16. Paragraph 16 is denied and strict proof is demanded at trial.

17. Paragraph 17 is denied as stated; however, it is admitted that Potthoff walked back into the residence after Corporal Murphy made his presence known.

18. Paragraph 18 is denied as stated. Answering Defendants admit that Ms. Gonzales was placed in handcuffs. The remainder of the allegations in Paragraph 18 are denied and strict proof is demanded at trial.

19. Paragraph 19 is denied. Answering Defendants admit that Ms. Gonzales was placed into a patrol vehicle. The remainder of the allegations in Paragraph 19 are denied and strict proof is demanded at trial.

20. Paragraph 20 is denied and strict proof is demanded at trial.

21. Paragraph 21 is denied and strict proof is demanded at trial.

22. Paragraph 22 is denied and strict proof is demanded at trial.

23. Paragraph 23 is denied and strict proof is demanded at trial.

24. Paragraph 24 is denied as stated. Answering Defendants admit that a Jeep Liberty was stolen from a nearby property around this time. Answering Defendants deny that they were aware at this time that Potthoff stole the vehicle because no one saw Potthoff flee the Miller residence, and his absence from the Miller residence had not been confirmed.

25. Paragraph 25 is denied as stated. Answering Defendants admit that Mr. Miller conveyed his belief that Potthoff had fled the building and stolen the Jeep Liberty from the adjacent property. However, Answering Defendants deny that they were able to confirm these facts at that time and deny that they were able to confirm Potthoff was not at the Miller property.

26. Paragraph 26 is denied and strict proof is demanded at trial.

27. Paragraph 27 is denied and strict proof is demanded at trial.

28. Paragraph 28 is denied as stated. The SERT team was called to the scene hours before 12:00 a.m. on June 18, 2020, as it takes many hours to assemble the team.

29. Paragraph 29 is denied and strict proof is demanded at trial.

30. Paragraph 30 is denied as stated. Answering Defendants admit that an inspection was performed. Defendants deny that the inspection confirmed Potthoff was not present.

31. Paragraph 31 is denied as stated. Answering Defendants deny that they had confirmed Potthoff was not inside the Miller residence at this time. Answering Defendants admit that they prepared to enter the Miller residence.

32. Paragraph 32 is denied and strict proof is demanded at trial.

33. After a reasonable investigation, Answering Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, deny same and demand strict proof thereof at trial.

34. After a reasonable investigation, Answering Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, deny same and demand strict proof thereof at trial.

35. Paragraph 35 is denied and strict proof is demanded at trial.

36. Paragraph 36 is denied as stated. Answering Defendants admit that gas canisters were fired into the Miller residence, but deny that this action was without justification because it had not been confirmed that Potthoff was no longer in the Miller residence. The remainder of the allegations in Paragraph 36 are denied.

37. To the extent directed to the Answering Defendants, Paragraph 37 is denied as stated; however, it is admitted that the residence was entered.

38. To the extent directed to the Answering Defendants, Paragraph 38 is admitted.

39. To the extent directed to the Answering Defendants, Paragraph 39 is admitted.

40. Paragraph 40 is denied as stated. Defendant Reese spoke with the Millers at length following the SERT team's entry into the Miller residence. Defendant Reese admits that it is

possible he ended the conversation by saying "Have a nice day, Mr. Miller." Defendant Reese denies that this was his last communication with Mr. Miller. The remainder of the allegations in Paragraph 40 are denied and strict proof is demanded.

41. Paragraph 41 is admitted.

42. Paragraph 42 is denied and strict proof is demanded at trial.

43. Paragraph 43 is denied as stated. Defendant Reese spoke with the Millers at least twice after June 18, 2020. Defendant Reese also sent them a letter containing a damage report and contact information. However, after Mr. Miller informed Defendant Reese that Mr. Miller would be filing a lawsuit against him and others, Defendant Reese informed Mr. Miller that he could have no further contact with him.

44. Paragraph 44 is denied as stated; therefore, it is denied and strict proof is demanded at trial.

### *Count I*
### *False Arrest Pursuant to 42 U.S.C. § 1983*
#### *(Ms. Gonzales vs. Murphy)*

45. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

46. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

### *Count II*
### *False Imprisonment Pursuant to 42 U.S.C. § 1983*
#### *(Ms. Gonzales vs. Murphy)*

47. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

48. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

## *Count III*
### *Excessive Force Pursuant to 42 U.S.C. § 1983*
*(The Millers vs. All Defendants)*

49. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

50. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

## *Count IV*
### *Unreasonable Search Pursuant to 42 U.S.C. § 1983*
*(The Millers vs. All Defendants)*

51. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

52. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

### *Count V*
### *Supervisory Liability Pursuant to 42 U.S.C. § 1983*
### *(The Millers vs. Reese and John Doe Police Officers 1-20)*

53. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

54. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

### *Count VI*
### *Civil Conspiracy Pursuant to 42 U.S.C. § 1983*
### *(The Millers vs. All Defendants)*

55. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

56. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

### *Count VII*
### *Substantive Due Process Pursuant to 42 U.S.C. § 1983*
### *(The Millers vs. All Defendants)*

57. The Answering Defendants incorporate the foregoing paragraphs as if set forth at length herein.

58. The contents of this paragraph are legal conclusions to which no response is required. To the extent an answer is necessary, any facts alleged are denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendants demand judgment in their favor.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Answering Defendants were at all times acting in good faith and in an objective, reasonable manner and with a reasonable belief in the lawfulness of their actions.

## FOURTH AFFIRMATIVE DEFENSE

The Answering Defendants were at all times acting pursuant to duties required or authorized by statute or regulation and therefore said acts were within the discretion granted to the Answering Defendants by statute or statutorily authorized by regulations.

## FIFTH AFFIRMATIVE DEFENSE

The Answering Defendants are entitled to sovereign immunity under both state and federal law.

## SIXTH AFFIRMATIVE DEFENSE

At no time did the Answering Defendants, either individually or in concert with others, deprive the Plaintiff of any rights, privileges or immunities secured to her by the Constitution or the laws of the United States.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of Plaintiff. Therefore,

the Answering Defendants are entitled to qualified immunity and/or qualified good faith immunity from civil damages.

### NINTH AFFIRMATIVE DEFENSE

The Answering Defendants reserve any and all defenses set forth at Fed. R.Civ. P. 8(c)(1).

### TENTH AFFIRMATIVE DEFENSE

The Answering Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, the Answering Defendants demand judgment in their favor.

JURY TRIAL DEMANDED.

                                            Respectfully submitted,

                                            JOSH SHAPIRO
                                            Attorney General

|  |  |
|---|---|
| Office of Attorney General | s/ Michael P. Gaetani |
| Litigation Section | Michael P. Gaetani |
| 1521 Waterfront Place | Deputy Attorney General |
| Mezzanine Level | Attorney I.D. No. 209407 |
| Pittsburgh, PA 15222 |  |
|  | Scott Bradley |
| Phone: (412) 339-2310 | Senior Deputy Attorney General |
| Fax:    (412) 565-3019 |  |

Date:  September 30, 2022